## Eames *vs.* Patterson.

Under the *Stat.* 1821, *ch.* 44, *sec.* 3, regulating fences, it is necessary that the por-tion of fence belonging to a delinquent owner should first be adjudged by the fence viewers insufficient or defective, and that the owner should have written notice from them of that fact, and be requested in writing to repair or rebuild it within six days, in order to entitle the adjoining owner to charge him with the expenses of rebuilding or repairing it himself.

The main object of the third section of this statute is to divide the fence made or to be erected, and assign to each party his share; after which the rights and du-ties of the parties are to be regulated by the other parts of the statute.

The remedy given by this statute is cumulative, and does not affect the common law remedy which an aggrieved party may have for damages sustained by neg-lect of the owner of fences to keep them in such repair as the statute requires.

This was a special action of the case, brought upon the statute regulating fences and common fields, to recover double the apprais-ed value of a certain fence, alleged by the plaintiff to have been built on the line dividing his land from that of the defendant, in pursuance of the assignment of two fence viewers of the town of *Madison,* where the land was situated. It came into this court by

summary exceptions filed by the defendant to the decisions of *Per-ham J.* in the court below, upon numerous questions raised in the progress of the trial before him. But the only facts which ultimately proved to be material were these ;—that the fence between the lands of the parties being decayed, and in some parts wholly gone, the plaintiff called on the fence viewers to assign to each owner his portion to maintain ; which they did, in writing ; to the sufficiency of which, however, the defendant objected, although he was present at the assignment. Afterwards, the defendant not having rebuilt the portion of fence assigned to him, the plaintiff built it, and caused the value to be appraised by the fence viewers, in writing ; at which the defendant was not notified to be present. And it seemed from the exceptions, that the defendant was verbally requested, at the time of the assignment, to build his part of the fence. But the fence viewers never made any adjudication that the defendant's part of the fence was not in sufficient repair; nor had the plaintiff served him with written notice to rebuild or repair it ; but after the lapse of a few days from the time of the assignment, the plaintiff proceeded to build the defendant's part, conforming to what the parties had verbally agreed was the true line, which in some places was about a rod distant from the old fence. It was contended at the trial that no such adjudication nor notice were necessary, by the third section of the statute, under which the plaintiff claimed to maintain this action ; and of this opinion was *Perham J.* to which the defendant excepted, a verdict being returned for the plaintiff.

*Allen* and *Boutelle,* for the plaintiff.

*W. W. Fuller* and *Bronson,* for the defendant.

WESTON J. delivered the opinion of the Court, at the ensuing *June* term, in *Washington.*

Several objections are taken by the counsel for the defendant, to the right of the plaintiff to recover in this action. The plaintiff claims to maintain it, upon the third section of the act for regulating fences, and general and common fields. That section provides,

Eames *v.* Patterson.

that when any dispute shall arise about the respective occupants' right in partition fences, and his or their obligation to maintain the same, application shall be made to two or more fence viewers, who shall assign to each party his share in writing. And in case any of the parties shall refuse or neglect to erect, keep up and maintain the part to such party assigned, the same may be done by the aggrieved party, in the manner before provided in the act, and for which he shall be entitled to double the value, to be ascertained and recovered in the like manner.

It becomes important therefore to examine in what manner, it was before provided in the act, that it should be done, ascertained, and recovered. This is to be determined by a recurrence to the second section. It is there enacted, that in case either party shall neglect or refuse to repair or rebuild the fence, which of right he ought to maintain, the aggrieved party may forthwith apply to two or more fence viewers to survey the same, and upon their determination that the fence is insufficient, they shall signify the same in writing to the occupant of the land, and direct him to repair or rebuild the same within six days. If not done, the aggrieved party may do it, and the same being adjudged sufficient by two or more fence viewers, and the value thereof by them ascertained, he may recover of the delinquent party double such value, together with the fees of the fence viewers, and if not paid within one calender month after demand, penal interest, by a special action on the case.

The third section then adopting the mode pointed out in the second, and referring to that, the preliminary measures therein prescribed must first be pursued in order to entitle the plaintiff to recover, viz. that the part assigned to the delinquent party should be adjudged by the fence viewers insufficient or defective, and that such party should have written notice from them of this fact, and a written requisition to repair or rebuild the same within six days. There were no such proceedings in the case before us, on the part of the fence viewers. It has been contended that these provisions are inapplicable to the case provided for in the third section, which contemplated a new erection altogether, where-

as the second section refers to a fence once built but out of repair. To this it may be replied, first, that there had been before a partition fence between the parties, part of which had been suffered to go to decay, and another part not exactly upon the line finally settled between the parties. And this would seem to present the case referred to in the second section. And, secondly, that without adopting in the third section, in this particular, the provisions of the second, there is no time limited fixing the delinquency of the one party, or vesting in the other the right to build or rebuild, and recover therefor penal damages. The main object of the third section is, to divide the fence made or to be made, and to assign to each party his share. This being done, the statute imposes generally upon each party the duty of maintaining the part of the fence thus assigned to him.

The statute having created the duty, if not performed within a reasonable time, the common law would afford a remedy to the aggrieved party for any injury he might sustain by reason of such neglect. But the statute also gives him the power of hastening the other party, by taking the steps prescribed in the second section, and if such party does not do his duty, within the short period of six days, after notice from the fence viewers, the aggrieved party may do it for him, and hold him to pay double the expense. He has thus distinct notice of what is required of him, and of the time within which he is to perform it, at his peril. As these provisions are equitable, and as the third section expressly adopts the mode and manner provided in the second, we entertain no doubt that the preliminary steps required by the latter, should have been pursued, in order to charge the defendant. This not having been done, the exceptions are sustained, and there must be a new trial at the bar of this court.